GOODRIDGE'S
HEIRS
*vs*
FITCH, &c.

---

CHANCERY.

*Case* 128.

September 25.

Case stated.

## Goodridge's Heirs *vs* Fitch &c.

### ERROR TO THE MEADE CIRCUIT.

#### *Administrators. Trustees.*

JUDGE GRAHAM delivered the opinion of the Court.

THE complainants, who are the heirs and legal representatives of George C. Goodridge, deceased, have exhibited this bill against Joseph Fitch, the administrator *de bonis non* of the estate of said George C., for the purpose of procuring a settlement of his administration accounts, and mainly to have set aside and vacated a sale of some real estate,

As the latter is the principal and most important sub-
ject of controversy, it will be first investigated. It ap-
pears that, after he became administrator *de bonis non,*
he ascertained that the assets in his hands were insuffi-
cient to discharge the debts due by the intestate; and
that it was, therefore, necessary that a portion of his
real estate should be sold. By application to the Legis-
lature, he procured an act to be passed authorizing a de-
cree to be rendered in the Meade Circuit Court, for the
sale of a tract of one hundred and fifty acres of land in
Henry county, and of so much of the land in Meade as
might be necessary.

A decree having been had in pursuance of that act,
the land in Henry county was sold, as it seems, for a
full and fair price. The administrator alleged that this
sale did not realize an amount large enough to satisfy
all the demands against his intestate's estate. He ac-
cordingly, on the 8th May, 1840, procured a further or-
der or decree, to sell so much of a tract of 715 acres,
lying on the Ohio river in Meade county, "as, in his
opinion, will be necessary to pay the balance of the
debts of the estate; and that said commissioner, (Fitch)
in making sale of said land, have a due regard to the in-
terests of the heirs, and the balance of the tract, so as to
retain all possible value to the same." He was directed
to sell on a Court day, after advertisement, &c. on a
credit of three months. This credit, by a subsequent
order in August, 1840, was extended to three and six
months. This order was made because of his report
that, in attempting to sell under the first order, he was
unable to obtain a bid, and desired to be permitted to
sell at private sale, should an opportunity offer.

At a subsequent term, he reported to the Court that,
on the 5th October, 1840, he had, at public sale, on a
Court day, at the Court-house, sold three hundred acres
of the tract to John R. Goodridge, at the price of three
dollars and fifty cents per acre. This sale was con-
firmed, notwithstanding objections to it, on the 12th
November, 1846, and a commissioner appointed to con-
vey to Collins Fitch, (the present defendant,) two hun-

dred acres of the land bid off by John R. Goodridge, and to the said John R. the other one hundred acres.

In July, 1835, said Fitch had been, by the Meade County Court, appointed guardian for four of the infant heirs of George C. Goodridge, deceased. He was thus administrator *de bonis non* of the estate, guardian of the orphans, and commissioner to make sale of the estate. It further appears that, in December, 1840, Fitch sold the said two hundred acres to William V. Rouse, at the price (partly in slaves,) of twelve hundred dollars. The complainants, charging a fraudulent combination by John R. Goodridge and Fitch, to purchase the land in part, at least, for the benefit of Fitch, and at a price much less than its value, and much less than it could and would have been sold for to others, if the sale had been properly conducted, now insist that a decree be rendered, setting aside the sale of the one hundred acres to John R. Goodridge, and requiring Fitch to account for the difference between the price which he gave, and that which he obtained for the two hundred acres. The answer denies the material allegations.

The testimony in the cause substantially sustains the statements of the bill. Fitch was commissioner, executor and guardian. The land was sold for a price much below its value, and much short of the amount for which it would have sold, (as is proven by those who wished to buy,) if the sale had been fairly conducted. The purchase was made by John R. Goodridge, mainly for the benefit of Fitch. Some persons present at the sale, and who wished to buy, were deceived by statements of commissioner and purchaser, as to the part to be sold, and not wishing to purchase the inferior part, failed to bid, and more valuable land was actually conveyed, if not sold. It seems to this Court, that a decree should have been rendered against Fitch for the profits which he made in the sale of the land, that is, for the difference between the price which he gave, and the twelve hundred dollars for which he sold, and also a decree rescinding the sale and conveyance as to the one hundred acres to John R. Goodridge, and directing it

An adm'r. and
guardian for the
heirs, who was
appointed com-
missioner to
sell real estate to
pay debts, pur-
chased himself
at an under va-
lue.—Held that
the sale was ini-
quitous, and a
re sale ordered.

to be sold, first, to pay him the price which he gave for it, and the excess to complainants.

It is urged, also, that there is error in settling the accounts of the executor. We have not thought it necessary to look very particularly into those exceptions. Some of them are apparently well taken. The Court should see whether improper allowances have been made to him for services and expenses, and whether he has been, as suggested, credited with costs of various suits in which he was successful, without charging him with the profits of said suits.

The decree of the Circuit Court is reversed, and cause remanded, with directions for further proceedings and decree, not inconsistent with this opinion.

*Grigsby* for plaintiffs; *Hardin and Walker* for defendants.